UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

RYAN LEWIS LAKE,

          Debtor.
_____/

Case No. 22-41326

Chapter 7

Judge Thomas J. Tucker

TIMOTHY J. MILLER, TRUSTEE,

          Plaintiff,

v.

MEGHAN HENNING,

          Defendant.
_____/

Adv. Pro. No. 22-4117

**OPINION REGARDING THE DEFENDANT'S MOTION
TO REOPEN ADVERSARY PROCEEDING**

**I. Introduction**

This adversary proceeding is before the Court on the motion by the Defendant, Meghan Henning, entitled "Motion to Reopen Adversarial Proceedings," filed on October 13, 2023 (Docket # 20, the "Motion"). The Court construes the Motion as seeking to reopen this case in order for the Defendant to seek reconsideration of, and relief from, the default judgment entered on July 28, 2022 (Docket # 7, the "Default Judgment"), and from the Clerk's Entry of Default entered on July 26, 2022 (Docket # 5).[1] The Plaintiff Trustee filed a response objecting to the Motion (Docket # 24).

The Court concludes that a hearing on the Motion is not necessary. The Court will deny

---

[1] The Motion requests, in relevant part, that the Court "[o]rder this case to be [r]eopened to allow [the] Defendant to file appropriate motions and defend this matter on the merits."

the Defendant's Motion, for the reasons stated below.

**II. Background**

The Plaintiff Trustee filed his complaint against the Defendant on June 24, 2022, seeking to avoid, as a fraudulent transfer, a transfer by the Chapter 7 bankruptcy Debtor, Ryan Lewis Lake (the "Debtor") to the Defendant, of his interest in real property located at 118 Holiday Drive, Brooklyn, Michigan, 49230 (the "Property"). The Debtor is the Defendant's ex-husband. Immediately before the transfer, the Property was co-owned by the Debtor and the Defendant. The complaint alleged that the Debtor made the transfer to the Defendant by a Quit Claim Deed recorded on October 28, 2020, for no consideration. The complaint alleged that the transfer was avoidable under 11 U.S.C. §§ 548(a)(1)(A) and 548(a)(1)(B). The complaint also sought, under 11 U.S.C. §§ 550 and 551, to recover from the Defendant, for the benefit of the estate, $21,561.56, which the Plaintiff Trustee alleged was the value of the Debtor's interest in the Property transferred. The Defendant failed to timely respond to the complaint. As indicated in the summons served with the complaint,[2] and under applicable rules, the Defendant's answer to the complaint was due no later than 30 days after the date of issuance of the summons. *See* Fed. R. Bankr. P. 7012(a). This meant that the answer deadline was Monday, July 25, 2022.[3]

The Defendant never filed an answer or other response to the complaint. The day after the July 25, 2022 answer deadline passed, on July 26, 2022, the Clerk entered a default

---

[2] Docket # 2.

[3] As stated on the summons, the date of issuance of the summons was June 24, 2022. (*See* Summons (Docket # 2).) Thirty days after that date was Sunday, July 24, 2022. Under Fed. R. Bankr. P. 9006(a)(1)(C), this meant that the deadline was Monday, July 25, 2022.

against the Defendant.⁴ On July 27, 2022, the Plaintiff Trustee moved for a default judgment. The Court entered the Default Judgment against the Defendant on July 28, 2022.⁵

The Default Judgment granted the relief sought by the complaint. It avoided the October 28, 2020 transfer of the Debtor's interest in the Property, and awarded the Plaintiff Trustee a judgment against the Defendant "in the amount of $21,561.56, plus costs, plus post-judgment interest at the federal statutory rate."⁶ The Default Judgment also "disallow[ed] any present or future claims Defendant Meghan Henning may have against the bankruptcy estate."⁷

### III. The Defendant's Motion

The Defendant's Motion was filed on October 13, 2023, *more than fourteen months after the entry of the Default Judgment*. The Motion does not allege that the entry of the Default Judgment was erroneous in any way, and the Motion does not state any legal grounds whatsoever that would entitle the Defendant to relief from the Default Judgment. The Motion itself shows that the complaint and summons were properly served on the Defendant,⁸ as does the record in this case, and that the Defendant simply chose not to respond to it.

The Motion alleges, in relevant part:

> 4. [The] Defendant received the Complaint via U.S. Mail.

---

⁴ Docket # 5.

⁵ Docket ## 6, 7. The Default Judgment was signed, and therefore is deemed filed, on July 27, 2022, but it was not actually entered by the Clerk until the next day, on July 28, 2022.

⁶ Docket # 7 (footnote omitted).

⁷ *Id.*

⁸ Service of the summons and complaint by first class mail, as was done in this case, is a permissible means of service, under Fed. R. Bankr. P. 7004(b)(1). If the Defendant ever thought that service had to be by "certified mail or process server" to be valid, *see* Motion at ¶ 4, she was mistaken.

3

22-04117-tjt    Doc 26    Filed 11/02/23    Entered 11/02/23 10:32:40    Page 3 of 9

It was not served via certified mail or by process server. Since she did not file bankruptcy and did nothing wrong in her divorce action obtaining the marital home as it was provided to her through fair and equitable negotiations, she did not believe the Complaint sent to her, via ordinary mail, was truthful and correct.

    5. As a result, [the] Defendant failed to file an answer or seek legal counsel when she received the mail regarding the Complaint.
. . . .

    14. [The] Defendant, Meghan Henning, believes that the Judgment of Divorce alone and her actions after the Judgment in and of itself, presents a meritorious defense for the Defendant Meghan Henning, in this matter.

    15. [The] Defendant believes that this case should be reopened and she be allowed to present her defense to this Honorable Court.

## IV. Discussion

The Court will deny the Motion, for the following reasons.

*First*, to the extent the Motion is a motion for reconsideration, the Court finds that the Motion fails to demonstrate a palpable defect by which the Court and the parties have been misled, and that a different disposition of the case must result from a correction thereof. *See* L.B.R. 9024-1(a)(3) (E.D. Mich.). It is clear, and undisputed, that the Defendant's deadline to answer the Plaintiff Trustee's complaint was July 25, 2022, and that the Defendant failed to file an answer or any other response to the complaint. There was no error in the Court's entry of the Default Judgment on July 28, 2022.

*Second,* as further discussed below, the Motion does not allege or demonstrate any valid

4

22-04117-tjt    Doc 26    Filed 11/02/23    Entered 11/02/23 10:32:40    Page 4 of 9

ground for relief from the judgment, and particularly under Fed. R. Civ. P. 60(b)(1) or 60(b)(6),[9] the only two provisions of Civil Rule 60(b) that could possibly apply based on the allegations in the Motion.

Civil Rule 60(b) states, in relevant part:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> > (1) mistake, inadvertence, surprise, or excusable neglect;
>
> . . .
>
> > (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

In order to show that relief is appropriate under Rule 60(b)(1) based on "excusable neglect," the Defendant must show *both* (1) that her conduct in failing to timely answer the Trustee's complaint constituted "neglect" within the meaning of Rule 60(b)(1); and (2) that her "neglect" was excusable. *See Gold v. Soueidan* (*In re Soueidan*), 652 B.R. 837, 843 (Bankr. E.D. Mich. 2023). The Motion does not show either element.

The Motion shows that the Defendant cannot establish "mistake, inadvertence, surprise, or excusable neglect" under Rule 60(b)(1), because it shows that the Defendant made a conscious decision not to answer the complaint. Such a deliberate choice is not "neglect" as that term is used in Rule 60(b)(1). And courts have consistently held that this type of deliberate inaction does not satisfy the standard under Rule 60(b)(1). "[A] Rule 60(b) motion may not be used 'as a

---

[9] Fed. R. Civ. P. 60(b) applies in bankruptcy cases and adversary proceedings. *See* Fed. R. Bankr. P. 9024.

technique to avoid the consequences of decisions deliberately made yet later revealed to be unwise.'" *McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 594 (6th Cir. 2002) (citations omitted).

Nor does the Motion allege any facts that could establish that the Defendant's failure to timely answer the complaint was "excusable" within the meaning of Rule 60(b)(1), even had the Defendant been able to show neglect. Rather, the Defendant is personally guilty of an *inexcusable* omission, for choosing not to file an answer to the Trustee's complaint, nor even to seek the advice of, or obtain the services of, an attorney, after receiving the summons and complaint in the mail. The Defendant is also guilty of an inexcusable omission for failing to file a motion to reopen and for relief from the judgment until more than a year and two months after the Default Judgment was entered. *See McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 595 (6th Cir. 2002) (citations omitted) (explaining that "inaction or strategic error" and "out and out . . . blunders . . . do not qualify as 'mistake' or 'excusable neglect' within the meaning of [Rule 60(b)(1).").[10]

---

[10] Although the *McCurry* court was referring to blunders made by an attorney in representing a client, the court's statements apply equally to any litigant, including the Defendant. In *In re Bennett*, 590 B.R. 156, 162 (Bankr. E.D. Mich. 2018), the court explained that the reasoning in cases in which court found that an attorney's mistakes did not satisfy the standard under Rule 60(b)(1) apply equally to cases in which a non-attorney litigant made a mistake. The *Bennett* court explained:

> The Bank attempts to distinguish *FHC Equities*[, *L.L.C. v. MBL Life Assurance Corp*, 188 F.3d 678 (6th Cir. 1999)] because it involved a mistake by an attorney who misinterpreted the law, in contrast to this case, where the mistake was not made by an attorney, but rather by Bank personnel. However, the holding in *FHC Equities* is not limited to instances where the mistake of law is by an attorney. "'**Neither ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)**.' " *Id.* at 685 (quoting *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 607 (7th Cir. 1986)).

For all of these reasons, the allegations in the Motion fail to show that relief is appropriate under Civil Rule 60(b)(1).

The allegations in the Motion also fail to show that relief is appropriate under Civil Rule 60(b)(6). That rule applies "'only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of . . . Rule [60(b)].'" *McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 592 (6th Cir. 2002) (citation omitted). Such situations are rare, "because almost every conceivable ground for relief is covered under the other subsections of Rule 60(b)." *Id.* Here, the allegations in the complaint implicate Rule 60(b)(1), and therefore if the Defendant cannot satisfy the standard in Rule 60(b)(1), relief is not available under Rule 60(b)(6). Nor does this case present the type of "exceptional or extraordinary circumstances" that could justify relief under Rule 60(b)(6).

*Third,* the Motion seems to argue, or hint at least, that the Defendant has a meritorious defense to the Plaintiff Trustee's complaint to present, if relief from the Default Judgment is granted. But the Court need not consider this issue, unless and until the Court first finds that there was "mistake, inadvertence, surprise, or excusable neglect" under Rule 60(b)(1). As this Court explained in *Soueidan*, 652 B.R. at 842 (emphasis added) (footnote omitted) (citation omitted),

> [A] determination of whether to set aside a default judgment under Civil Rule 60(b)(1) requires a three-step analysis. First, the moving party must "demonstrate that his default was the product of mistake, inadvertence, surprise, or excusable neglect." **Only after this threshold requirement has been satisfied may the Court consider the remaining two steps of the analysis; namely**

---

*Id.* (emphasis added).

> **"whether the [moving party] has a meritorious defense," and
> "whether the [non-moving party] will be prejudiced" by relief
> from judgment.**

Because the Motion does not demonstrate that the Defendant's default was the product of "mistake, inadvertence, surprise or excusable neglect," the Court may not consider whether the Defendant has a meritorious defense. In this case, the Court has serious doubts about whether the Defendant could show a meritorious defense in any event, but it is unnecessary for the Court to decide that issue.

*Fourth,* as a motion for relief from the Default Judgment, the Motion is untimely, as would be any motion expressly seeking relief from judgment that might be filed if this case were reopened. This untimeliness alone requires that the Motion be denied. The Motion was filed more than a year after the Default Judgment was entered, so relief under Rule 60(b)(1), 60(b)(2) and 60(b)(3) is time-barred. *See* Fed. R. Civ. P. 60(c)(1). And as for any other possible Rule 60(b) grounds, the Motion is untimely, because it was not filed within "a reasonable time," as required by Rule 60(c)(1). Filing the Motion more than fourteen months after entry of the Default Judgment is not a filing made within "a reasonable time."

## V. Conclusion

For the reasons stated in this Opinion, the Court cannot and will not grant relief from the Default Judgment. Therefore, no purpose would be served by reopening the adversary proceeding, and there is no cause to reopen it.

The Court will enter an order denying the Defendant's Motion.

**Signed on November 2, 2023**  /s/ Thomas J. Tucker
_____
Thomas J. Tucker
United States Bankruptcy Judge

9